This morning I'd like to address two issues raised by Mr. Pineda-Torres in the briefs. First is the District Court's unconstitutional limitation on the cross-examination of the significant government witness at trial. And the second is the improperly admitted identification testimony. What exactly did the judge not let the lawyer ask? PINEDA-TORRES Exactly, Your Honor, at Excerpt of Record, pages 159 and 160, and subsequently at the sidebar conference at Excerpt of Record, page 178, the District Court didn't allow me to elicit the fact that this individual committed specific state law felony offenses. of the defendant or from this witness that he had given false statements on the DMV in several respects and that he knew it was criminal? He said I didn't know then, but I know now. You elicited evidence that it was criminal under state law.  What you weren't allowed to do, as I understood it, was to ask the witness is what are the elements of a particular felony under state law? I wasn't allowed to ask that, and I wasn't allowed to ask the fact that these crimes were indeed felonies. And this is significant because, in this case, the prosecutor stated during the objection there's no evidence that he committed any felony. Was there any, did the judge stop you from asking the witness are you hoping to get, to avoid any criminal referral on these DMV violations? Were you stopped from asking that? I believe I was because it's a Where is that in the record that you were, you tried to ask that question and you were stopped from asking that? Your Honor, on page, excerpt of record page 160, when the court precluded me from asking about his awareness that he had committed felony offenses, the next step is to ask do you believe that the prosecutor is going to, you know, protect you from prosecution regarding You didn't ask, you're putting it in terms of step one, step two, but you never asked the question that you're calling step two, which is the bias question that, as I saw it, the court didn't stop you from asking. The court actually felt, I have two responses to that. The first is that I do believe it's a two-step process and that the question would be meaningless absent my being able to elicit the fact that he committed state law felonies. You elicited that he committed a legal violation. Yes. That was in the record. Yes. However, the And whether it's a felony or a misdemeanor, you could still ask the next question, couldn't you? I didn't think that I could. I didn't think it would have any meaning, and this is why. The prosecutor in this case characterized these state law violations. Not only did he misrepresent that they weren't felonies, because they are under California Penal Code Sections 115 and 118. They are felonies. But he also told the jury that these were DMV sort of offenses. They were committed by the witness to save some tax money. Okay. But then did you ask the judge to take judicial notice that these are felonies? I mean, how would you, how were you going to prove that they were felonies? At Excerpt of Record, page 178, I asked the district court to take judicial notice of the statutes. You asked him to? I did. I mean, 178? Yes. The judge says to you, are you going to convert him to an attorney, or did you want to testify? And then you say, I wanted to testify. That actually should have had a question mark after that, if I recall. And then you said, I still think I would be entitled to bring out, and the court could take judicial notice of the statutes. You never really asked him to or which statutes, did you? Well, he said, actually, in response to my request for him to take judicial notice of the statutes, he said the relevant part is whether or not somebody lied, and whether he lied under oath. And I've allowed you to develop that area. He was confused, I believe, or just didn't see the difference between impeaching for veracity, which I certainly was able to do. I don't know exactly what he didn't see the difference, because you never asked the next question. And he says, and that certainly allows you to develop that area. Maybe I'm reading this wrong, but I assumed that when he said the relevant parts, he lied under oath, and that allows you to develop that area, that he's saying to you, in the context of what he said earlier, you can't make this witness a lawyer. You've gotten that he lied under oath. That allows you to develop the area. You could call a lawyer as a witness. You could take other actions, but you didn't do those actions. Actually, I didn't do those actions because the judge said that wasn't relevant. His whole point was that the germane part, and I'm at Excerpt of Record, page 178, was that he lied under oath, and that was brought up. Subsequently, on 179, he said the relevant part is whether or not the person previously lied, and whether or not he lied under oath, and that certainly allows you to develop that area. I understand. His statement in the colloquy there is maybe incomplete, but you never asked the right question, it seems to me. Now, I could be wrong, but it seems to me you ask questions that call for legal conclusions, and the judge shut that down, but you never went on to ask the next question. Well, actually, I asked if he was aware whether or not he had committed certain felony offenses, and he never answered. Whether or not the witness knew or not, perhaps had the witness started by saying, I don't know anything about that, I don't know about State law, he didn't. The judge shut. I think that called for a legal conclusion, though. Whether or not someone committed a felony, I think. Whether or not he's violated a particular – the witness says, I violated the law. I know I lied to DMV, and I know it's a violation of the law. And then you ask him, did he violate a specific provision of State law, and is it a – or is it a felony, or what are the elements. Why isn't that calling for a legal conclusion? I believe that witnesses are well aware, or individuals who could be charged with crimes, especially this individual who had met with the prosecutor, who was admitting offenses, felony – the elements constituting felony offenses under oath, was well aware of the possible consequences, and it made up his motive. And – Could you have called a witness to testify that – like a lawyer to testify that lying on the DMV form is a felony? You could have done that, right? Yes. Had the judge believed that it was germane. Okay. But you didn't tender that to the judge. You didn't make a proffer of that. I did not. Okay. And could you have called a witness to testify about whether – how often the DMV – the Attorney General brings prosecutions of felony charges for these DMV violations? I suppose I could have attempted, but in light of Judge Jones's ruling, which is the germane part is veracity, the relevant part is that he lied. This is not a ruling. This is a statement he makes at a sidebar in colloquy after he makes a ruling, sustaining an objection to the question that you asked. It's not really a ruling denying you asking another question. I actually believe that it is because I asked him whether or not I could make my record. And he said that I could. And I told him that I wanted to bring out the felony because it would go to bias. And this is when we had the colloquy about him, you know, did I want to testify. And then he said, you can't inquire as to whether or not he committed a felony. Plain and simple. You can't. So I didn't believe that I could. He's saying that with this witness, just before that he said you are going to convert him to an attorney. He's telling you that he doesn't think this witness, at least as I'm reading it, he's saying he doesn't think this witness can testify to whether this is a felony or not. And he's saying you can't inquire. He's talking about that witness. I don't read it as a ruling that you can't call an expert witness or a lawyer to say it's a felony. Well, I believe since he says that I can't inquire of the witness whether or not he committed a felony, it would seem somewhat more attenuated to then allow me to bring in some outside expert, especially since he said two times the germane part is he lied under oath and the relevant part is whether or not he lied. Yes, I was able to establish that he lied. But, no, I wasn't able to establish why he lied. By cross-examination, you were not allowed to insinuate that these things were felonies without proof that they were felonies. Isn't that what he was saying? He couldn't cross-examine by insinuation. Right. But he also, I wasn't allowed to, I wasn't allowed to directly ask either. And I did try to ask at excerpt of record page 160. And then the prosecutor says there's no evidence of any felony. But you tried to ask this witness who's not a lawyer. And the judge here is saying at the part you said, he's saying you developed whether he lied under oath, and that certainly allows you to develop that area. It seems like the judge is giving you a green light to develop the area with a proper witness. He's just saying you can't make this witness, this Mr. I call him Mr. B in my notes. What's his name? Bovedia.  You can't make him an attorney. And he can't testify what the elements of a felony are. He can't testify what the penalties are under State law. You have to get that through another witness. That I do not believe in any respect that the Court was saying that to me. Because witnesses who are cooperating and testifying on behalf of the government, having represented many of them, understand what a felony is. And he did not believe the existence of the felony was relevant in any way. And that is also established in the record by the fact that when the government asked this Mr. Bovedia, have you ever been convicted of a felony? The judge immediately sustained an objection because he doesn't believe it's relevant. And that is precisely the scope of his ruling. And when he said that I had been able to develop the area, it's absolutely clear in my mind, as trial counsel and having tried cases in front of him on several occasions, that he's talking about veracity and I was not permitted to go into the existence of the felony or the existence of several felonies, because there weren't, there wasn't just one. And this is in light of the fact that the Court in this Court, in numerous cases, in Burr v. Sullivan, which has been cited repeatedly in Ben Simmons and in Harris, this Court holds that when a case turns on the credibility of a witness, the defendant must be given the maximum opportunity to test the credibility. Your theory is maybe he's fudging or lying in his testimony because he doesn't want a criminal referral made by the government, right? For felony offenses, absolutely yes. But why isn't that cumulative to the idea that you'd already developed, one, that he had violated the law relating to the DMV requirements, and second, that he was in the country illegally, that if there's a referral to the immigration authorities, he would be kicked out of the country, that he doesn't pay his income taxes, that he doesn't pay Social Security taxes. All these things were established. So, as I understood it from your questioning, and you also established that he did not expect the government to prosecute him on anything or to refer him to immigration. To refer him to immigration. Why doesn't that, just right there, why doesn't that go to bias and then kick the issue on this other question into a question of, okay, you've got evidence of bias that you brought out, or potential bias, so now it's a question of where does the judge draw the line, and that's an abuse of discretion standard. Well, I actually think that we're still under de novo because I do believe that the cross-examination regarding bias wasn't sufficient for Confrontation Clause purposes, and this is why a referral to the DMV or INS is just a civil matter. It is not a matter for criminal prosecution. And the prosecutor himself minimized the extent of the offenses, if you can even call them that, because no one did, committed by Mr. Bobadilla. He told the jury that he had just made an error, and he told lies but he wouldn't do it again at Excerpt of Record, page 293. He told the jury that they should use their common sense and experience as to why someone would lie on these DMV forms for tax purposes. And the jurors don't have common sense or experience about whether or not they could be referred for felony prosecution, and I wasn't able to elicit that. And the prosecutor ---- As to what questions you would put to the witness Bobadilla to show that he was conscious that bad effects would happen would he not testify conveniently to the government? In other words, where is the question that you would, as an offer of proof, put to this witness in the record that allows the judge to rule on that offer of proof and for you to preserve your error? I told the judge I wanted to bring it out because it would go to bias. I didn't give ---- I had started to ask three specific questions where objections were sustained. And at the sidebar, the judge stopped me and said, look, you can't inquire in this area. You can't inquire as to whether or not he committed a felony. The germane part are the lies, the relevant part are the lies. And he ruled, and he said, in any event, the record is complete now, counsel. At excerpt of record page 179. And he ruled, he continued the trial. We moved on from there. And his ruling was that the fact of the felony, apparently he didn't believe it went to bias or he didn't understand my argument because he felt veracity was the only significant factor. And ---- And to follow up on Judge Paya's question, did you ever make a specific offer of proof to him that you'd want to ask this witness your question about bias because of a possible felony prosecution? Well, in light of my statement that I wanted to bring out the felony because ---- I know. I've read your statement. While you've gone over it three times, I've got it right here in front of me. I'm familiar with it. I think I know every word in it, though not by heart. But my question is just further to Judge Paya's point, did you make a specific offer of proof? What bothers me, I mean, you've got some merit to your argument. But what bothers me is the idea, can we reverse a district court over a question that was never asked? Basically, you want us to reverse the district court for not permitting testimony on a question that wasn't asked. And the colloquy you're referring to is somewhat ambiguous as to what the judge was doing. And I know you're telling me you've tried cases before this judge. You know this. You know that. It was clear to you. But I tried cases as a lawyer, and it's not clear to me from reading the transcript as an appellate judge that the judge totally shut you down if you had, like if you had called a lawyer, witness, or if you wanted to ask Bobadilla other questions about bias, that you were precluded. I respectfully disagree with regard to the clarity of the judge's ruling as it reads in the transcript, aside from anything I've stated about my personal experience. But I think that in light of the fact this is a constitutional issue, I believe I have established two things that are significant under the inquiry. The first is it was relevant, this line of inquiry. The second is there are no countervailing considerations to preclude it. Where do you mention the word bias? I believe it's at 178, Your Honor, line 15. It says, I wanted to bring out the felony because I think it would go to his bias. Yes. That's the line. Yes. And I believe the judge follows with you're going to convert him to an attorney or did you want to testify? Okay. So the judge is like, it seems, am I right, the judge is concerned that the witness can't testify himself about a legal? That requires a lawyer? I'm not sure, but that may have been one of the concerns, because his other concern is that the germane part were the lies and the relevant part was the veracity. And of course someone can be impeached for veracity, but bias and motive under this Court's cases under Burr v. Sullivan and Benson and Harris are more important than cross-examination for veracity. I was precluded from cross-examining as to significant bias and motive in light of the government's misrepresentations regarding the reasons why the witness performed these acts. He said he was coming to court out of a sense of civic duty, when indeed I was not permitted to establish that he had another motive to prevent referral for felony prosecution. The law views felonies with special regard, and especially when the government tries to indicate they're just these technical violations on some DMV form to save a couple bucks and excuses it. And those things were all done in the closing argument and in the questioning of this witness, and I wasn't able to respond because I wasn't able to bring out the motive to avoid felony prosecution. I'd like to reserve my remaining time for rebuttal. Thank you very much. May it please the Court, my name is Larry Spong representing the United States in this case. Your Honor, the defense counsel in this case had more than sufficient opportunity to inquire as to both veracity and to bias. In fact, through the record between pages 139 and 173, she was able to elicit numerous facts, including the fact that this person was not legally in the United States, he hadn't paid taxes, he lied to his lawyer, he lied to the DMV about any number of things. Okay, well, what about appellant's argument that a felony prosecution under state law is different than, you know, a civil deportation proceeding? Two things. First of all, counsel did ask him, and it's very clear on page 139. Excuse me, I'm sorry. It's on page 141 of the record. Oh, I'm sorry, 142. No, this is earlier. First she talks about the fact that agents were sent to pick him up. And then she changes and says, now, the prosecutor also told you this case was not about you, right? Yes. He is not seeking to prosecute you. That's what he told me. So, first of all, 142, starting at line number one. And then she says, and he told you that the INS has been not made aware of the case. So, first of all, she did get out the fact that he expected not only not to be turned over to us, but not to be prosecuted. When it came to the State, that's, well. Not by the State. There's nothing here to distinguish. She says this case was not about you. This case in Federal court is not about you. You won't be prosecuted. Okay. Nothing is said about no referral will be made to the State authorities because of the perjury committed in your defense. Right. That specific question was just never asked. But the defendant was asked and did admit that he knew that the DMV violations carried criminal penalties. And he said, yes, I do now. So, whether it's a felony or a misdemeanor is somewhat irrelevant at this point as to bias. He knows that he's subject to State criminal penalties. But she wasn't allowed to ask. Perhaps she didn't ask. Didn't make an offer of proof of saying, I'd like to develop by testimony that this person is conscious of the fact that his testimony here will affect whether he will be prosecuted by the State authorities. Right. And so, following up on what Judge Gould said, so that question wasn't ruled upon by the judge because the offer of proof wasn't made in a sufficiently intelligible manner. Exactly, Your Honor. That would be my point. I understand that, you know, in trial, when you're going through and you have a particular plan, that that can go awry if objections are sustained. But the very, as soon as this defendant or this witness admitted that he was subject to criminal penalties, State criminal penalties, the next obvious question is, and you don't expect to be prosecuted for that. That just was never asked. And that question was never disallowed or ruled upon at all. But certainly, they were allowed to ask that. What's the significance of the statement of the judge in the sidebar colloquy where he kind of comes back a couple of times to say, and the germane part is that he lied, that the witness lied to the DMV, and you can develop that area. But what's the significance of him saying that? Does that close down further inquiry about felonies? I don't think so. What the judge, I think, is saying there is you can't ask these specific questions of elements of the offense or things like that. That's the clear context that's happening here. So he's allowing, what he says is, I'll allow you to go in, I think this is the import of the ruling, you can go into the factual aspects of these violations. And he doesn't say, and you can't ask whether he's going to be prosecuted. But what the judge doesn't want to have happen here is for a lay witness to be testifying about offenses or elements of offenses. It's clear that unless the person might be subjected to some other criminal proceeding, which there was no evidence of, that he wouldn't know these things. They really are legal conclusions. I think all the judge is saying is, look, you can go ahead and ask these questions, but you can't ask him to give legal conclusions. Your brief doesn't really stress the legal conclusion issue, as I read. Like, I don't know, it's page 12 to 15, or wherever you take up this issue, you say that the bias issue was adequately developed, or the difference between a felony and a misdemeanor under state law isn't really material to what was going on. But I didn't really see you addressing there whether these questions call for legal conclusions. And I don't know that specifically that was stated in the brief. But it seems to me, it's obvious from the record, that that's what was happening here. She said, what are the elements? That's what was going on. But I think overall, the bottom line is, you know, it was the cross-examination sufficient to bring out bias and motive. And that's the real test. In the face of all the things that are brought out, all the different examples of lies, his expectation of being prosecuted, of not being deported, and the fact that he was subjected to state criminal penalties as well as federal penalties, I think all of that taken in the context is more than sufficient to establish this particular witness's bias or motive he might have to please the United States through his testimony. Is there any case law on the we have the general tests that are being argued by both sides here for when a restriction on cross-examination offends the confrontation clause? And, you know, is the information relevant? Is there some other issue that outweighs it and so on? Is there any case that applies those principles in this type of context where there's a restraint on questioning that calls for a legal conclusion? Not that I'm aware of. And is there any on the other side that brings out any case where it finds reversible error where a judge doesn't permit questioning of whether a criminal violation is a felony versus a misdemeanor? Not that I'm aware of. And as I said, I'm not sure as to bias, whether it's a felony or a misdemeanor. The question that's asked and answered, showing that there's potential for biases, did this carry criminal state criminal penalties? If it carries state criminal penalties. But that's not really enough in front of a jury. Once that's established, you also have to establish that this man knows that there are penalties and that he hopes or expects to receive some privileged treatment depending on his testimony. You've got to ask that next question. Absolutely. But that's the burden of defendant. That's the burden of the defense. You have waived the issue of harmless error. You say that if this was a violation, it is reversible error, correct? I don't believe, although it wasn't set out, there isn't a specific harmless error argument. On page 10 of the brief, it does say in the standard of review that it is a harmless error review. And I think the import of that is to say, look, when this is all said and done, if there was any error, it certainly is harmless. But I think, quite clearly, that there just wasn't error. More than enough information came out about bias. More than enough came out about motive to lie. More than enough came out about his veracity. And I think that, overall, looking at all the circumstances, this was more than appropriate. I think you argued in your brief that further questioning on this issue would be, I don't know if you said it was immaterial, but you said it would be of only marginal relevance in light of the other testimony that came out. Is that the same as a harmless error standard, or is that something different? I thought what you're saying there is it wasn't error, because judges can make decisions about cumulative testimony or what's marginal relevance. Right. I think the import of the argument in the brief is that it was not error. The appellate's saying it's really a major thing whether there was a state felony violation, so it's not marginal. Well, the government respectfully disagrees. What's central to bias is whether the person could be prosecuted, and, more importantly, what his expectation is in regards to those penalties. Whether it's classified as misdemeanor or felony, frankly, I don't think the jury's going to care. What the jury wants to know is, are you subject to criminal penalties, and are you going to be prosecuted for them? That would be the important. The first one was brought out, and the second one defense counsel simply failed to ask. That's all that's required. Anything else? So there just isn't any error. And I don't think the difference between felony and misdemeanor is crucial at all as far as the jury's notion of whether this witness might be biased. You don't think the notion that a misdemeanor means at most one year in the county jail and a felony can mean years in a state prison is important in saying the extent of bias in the witness's testimony? I don't think unless the jury doesn't necessarily know that what a misdemeanor is is only one year. We lawyers know that. The jury needs only to assess what is the motive for this person to lie. And clearly it's sufficient if he's subject to penalties and he's not going to be prosecuted for those penalties. I think the record here doesn't tell us, and I don't want you to tell me anything that's not in the record, but am I correct? The record does not tell us anything about, like through an expert, how often these DMV violations are prosecuted as felonies and what kind of terms someone gets for them? That's correct. The record is devoid of that. Yes. Any further? Not for the government. Thank you. I have a question for the counsel, though, if I may. Yes, Your Honor. And I hope if Judge Silverman would let me impose the time just a little bit. Sure. We've sort of monopolized your time on the confrontation clause issue. You had raised a few other issues. Yes. I wanted to let you address, if you would, for a benefit, at least your suggestive I.D. issue. Thank you. One issue you raised is sort of the closed-by-Ninth Circuit precedent. I know you tried to disagree with it. Yes, that's correct, the grand jury issue. But could you address your so-called show-up issue? Yes. And then if you say something new, maybe we'll call the government back. Thank you, Your Honor. I believe the district court applied an improper test in concluding that the show-up line of cases really were inapplicable because this was a commercial transaction, he called it. And there's simply no case law whatsoever that says that we ignore all the show-up line of cases because something may be a commercial transaction. This court ---- He didn't say there was a special rule because it's a commercial transaction. What he's saying is because it was a commercial transaction, this guy had an opportunity, Bobadilla had an opportunity to really look at this fellow in the face and to remember. Isn't that what he's saying? I think what he's saying is that because ---- It wasn't a robbery that took place in just seconds. They spent a half hour together. That's what he was getting at. I actually think what he was getting at, that's the address in terms of the factors, the degree of attention paid and the length of time. That's different than when he was discussing, well, this is a commercial transaction as opposed to a criminal matter where someone is asked to identify the perpetrator of a crime. And the government in their brief also at page 17, the court's ruling was at ERs 127 and 128. The government in their brief at page 17 also discussed, well, this really means that you don't have to look at whether or not the show-up itself was suggested because it was a commercial transaction. And so I think that's an improper standard to apply. And then why it matters here is because when the court's weighing the five factors under Manson v. Braithwaite, the degree of attention, the time lag, the witness' opportunity to view the individual, the level of certainty and the accuracy of a prior description, the court doesn't go on to weigh those factors against suggestive nature of the show-up the way that Manson v. Braithwaite says that you must. And that's what Manson, the Supreme Court, said. You weigh the indicia of reliability against the corrupting effect of the suggestive identification procedure. That wasn't done here because the court didn't think the ID procedure was suggestive because it was a commercial transaction. And in his findings, he didn't weigh those things against the show-up. He simply found that on their own, well, while two of them may have favored the defendant, the other three favored the government. I actually take issue with his findings on that. But in any event, I think he didn't perform the test properly. He didn't weigh it against the fact that it was a show-up. And so any legal authority in the Ninth Circuit that says that in this type of context, the standards for a show-up are applicable? There is none that says the standards are different in any way. Is there none one way or the other? That's correct. There's no authority, really, that tells the district court or us from a prior decision what type of standard applies in this unusual setting. That's true. But if we look to United States v. Givens, it says, in general terms, showing a witness a single photograph, which potentially suggests an identification desired by law enforcement is improper conduct. And there were law enforcement agents who went to Mr. Bobadilla. They identified themselves, and they told him that they wanted to ask him questions about a car he used to own. At a subsequent point, they told him the car that he used to own had marijuana in it. So he indeed absolutely knew that it was a criminal matter. It's not like they're asking a rape victim to identify who was the rapist or tell her at a bank, identify who was the robber. That's true. They're asking the witness to identify someone who he sold a car to or may have sold a car to. That's true, but there may be criminal associations with that car sale. I understand that. That's the suggestiveness. And basically, I think the showing of the one photo is the problem. And that's the argument that the government – I thought the government's brief said there was like an – or the policeman, maybe, who was doing the investigation said it was some inadvertent showing. Could you give me your read on that issue? Yes. The district court at the sentencing hearing in the motion for new trial on that issue adopted the testimony of the government's star witness, not the agent. And he said, adopting Mr. Bobadilla's testimony, I still don't think it was a suggestive ID because it was this commercial transaction. And that's at Excerpt of Record, page 127, 128. When he first ruled, he only had the agent's testimony. He let me revisit after the government's star witness testified that, no, it wasn't an inadvertent showing. They showed me a picture of the car. They asked me who owned it, and then they showed me a photo. Okay. Thank you. Thank you. Regarding – You're out of time. Thank you very much. May I just make one point on the other issue? Fifteen seconds. Okay. I think it's more important to ask a witness, rather than a lawyer, about bias and about whether they know the consequences of suffering a felony conviction and whether they can be referred for prosecution. Because the whole idea of bias and motive comes from the witness and his perception of what this exposure could do to him. What a lawyer says about it doesn't matter as much as what the witness believes. And the out-of-circuit cases, United States v. Mayer and Honoré, support that. Thank you so much. Thank you. The case just argued is submitted. Thank you. Thank you. Thank you. Thanks for letting me go over it. Sure. Of course. I didn't fully understand it. We're going to take the Vega matters and we've decided to ask each side to please limit the arguments to 15 minutes each. 15 minutes for the government, 15 minutes for Jose and 15 minutes for Mario Vega. So we'll call the case now 0250253 and 025049.
judges: Silverman, Gould, Bea